

ORDERED in the Southern District of Florida on December 5, 2011.

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

CASE NO. 11-14876-BKC-AJC

JR MORTGAGES, INC.,

    Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION TO REOPEN CASE

THIS CAUSE came before the Court for ruling on the Motion of Debtor, J.R. Mortgages, Inc. ("Debtor" or "JR Mortgages") Motion to Reopen this Chapter 7 bankruptcy case and Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Bank") Memorandum in Opposition thereto. The Debtor seeks to reopen this case to impose sanctions upon Wells Fargo for the Bank's alleged willful violation of the automatic stay that was in effect while this case was previously pending and at the time that Wells Fargo filed its motion to reschedule a foreclosure sale "of one of the Debtor's properties". For the reasons set forth herein, the Debtor's Motion is denied.

**Undisputed Facts**

On November 25, 2005, the Debtor executed and delivered to Wells Fargo Bank a credit

21196599.1

agreement for a loan in the amount of $285,000.00. As security for payment of the Debtor's obligations under the credit agreement, Jean Robert Pierre-Paul ("JPP") executed and delivered a Mortgage (Future Advances) and Assignment of Rents (the "Mortgage") encumbering commercial real property located at 8410 N.E. 1st Place in Miami, Florida and described as follows:

> The North 50 feet of Lots 2 and 3, in Block 2, of ROYAL PALM GARDENS, according to the Plat thereof, as recorded in Plat Book 7, at Page 71, of the Public Records of Miami-Dade County, Florida.
>
> AND BEING the same property conveyed to Jean Pierre Paul from National Affordable Housing Foundation, Inc., a Florida not for profit corporation, f/k/a National Affordable Housing Foundation, Inc., a Florida not for profit corporation by Warrant [sic] Deed dated March 21, 2002 and recorded March 21, 2002 in Deed Book 20333 at Page 591
>
> Tax Parcel No. 01-3112-008-0100

(the "Property"). Upon a default under the credit agreement, Wells Fargo filed suit in the Circuit Court in and for Miami-Dade County, Florida under Case No. 09-92302-CA-25 (the "State Court Case") on December 22, 2009 to, among other things, foreclose its Mortgage on the Property.

Wells Fargo obtained a default against Jean Pierre Paul and the Debtor on or about February 16, 2010. Prior to entry of a final judgment, on April 2, 2010, Jean Pierre Paul filed a petition before Judge Raymond B. Ray in the Ft. Lauderdale division of this Court seeking relief under Chapter 13 of the Bankruptcy Code in the case styled *In re Jean Robert Pierre-Paul*, Case No.: 10-18712-BKC-RBR (the "Jean Pierre Paul Case"). Jean Pierre Paul was represented in his Chapter 13 case by Alix Montes, Esq., the same counsel who is representing the Debtor in connection with this case.

In the Jean Pierre Paul Case, Mr. Montes scheduled the Property as belonging to Jean Pierre Paul and gave notice to Wells Fargo Bank, N.A. The creditor matrix in that case lists Wells Fargo Bank, N.A. c/o the Bank's counsel, Niall T. McLachlan, Esq. Wells Fargo, by and through said

CASE NO. 11-14876-BKC-AJC

counsel, participated in the Jean Pierre Paul Case by, among other things, appearing at the meeting of creditors, filing a Notice of Appearance and Request for Copies, objecting to Jean Pierre Paul's motion to value the Property, opposing Jean Pierre Paul's second Motion to Reinstate his bankruptcy case when that case was dismissed after confirmation of his chapter 13 plan was denied, and opposing his Motion to Shorten the 180-day Prejudice Period set forth in the bankruptcy court's September 1, 2010 order of dismissal. As a result of the September 1, 2010 Order, Jean Pierre Paul was prohibited from filing any new bankruptcy case until February 28, 2011.[1]

After Jean Pierre Paul's attempts to reinstate his Chapter 13 case and shorten the prejudice period were denied, Wells Fargo proceeded in the State Court Case and obtained a Default Foreclosure Judgment on January 20, 2011. The sale of the Property was set for February 28, 2011. Wells Fargo alleges that, on or about February 24, 2011, a representative of the newspaper in which the foreclosure sale was to be advertised, the Daily Business Review, notified Wells Fargo's counsel that it had not received the Notice of Sale from the state court clerk. The Bank's counsel apparently brought this information to the attention of the clerk on February 25, 2011 and the sale was cancelled.

The Debtor filed a Suggestion of Bankruptcy in the State Court Action on February 25, 2011. Jean Pierre Paul could not have filed a new bankruptcy case at this time due to the September 1, 2010 order dismissing his case with prejudice for 180 days. No copy of the Suggestion was ever sent to Wells Fargo's counsel[2] or to the Bank itself, even though the identities of both were clearly known to Debtor and Mr. Montes through the active participation of Wells Fargo and its counsel

---

[1] The bankruptcy court had previously dismissed Jean Paul Pierre's bankruptcy case on April 20, 2010 due to his failure to file schedules and other documents. On May 26, 2010, Judge Ray granted Mr. Pierre-Paul's Motion to Reinstate his bankruptcy and vacated the April 20, 2010 dismissal order. Judge Ray denied Jean Pierre-Paul's Motion for Reconsideration of the September 1 dismissal order on November 9, 2010 and, on December 17, 2010, denied Mr. Pierre-Paul's Motion to Shorten the Prejudice period.

[2] This finding, made by the State Court at the hearing on Jean Pierre-Paul's Motion to vacate the foreclosure sale, is law of the case. In the transcript of that hearing, Debtor's counsel did not even argue that notice had been provided to Wells Fargo or its counsel.

during the course of the Jean Pierre Paul Case. Instead, the Debtor merely listed "Wells Fargo Home Mortgage, Inc." on the creditor's matrix, an entity which had no claim to the subject Property, as is evident from the State Court Case. Due to the substantial communications between Mr. Montes and Wells Fargo's counsel regarding the Property in the Jean Pierre Paul Case (10-18712-BKC-RBR), the failure of Mr. Montes to properly list Wells Fargo Bank or its counsel on the creditor matrix, or to otherwise notify them of the filing of this case, is unacceptable and fails to establish that any alleged violation was willful.

Unaware of JR Mortgages' bankruptcy filing, Wells Fargo moved to reschedule the foreclosure sale on March 4, 2011 based on the clerk's failure to have the notice of sale published. On March 14, 2011, this Court dismissed the instant case with prejudice for 180 days based on the Debtor's failure to file a corporate ownership statement as ordered. On March 24, 2011, the State Court entered its order granting Wells Fargo's motion to reschedule the sale of the Property, rescheduling the sale for April 28, 2011. Wells Fargo proceeded with the foreclosure sale on April 28 and had the highest bid at that sale.

On May 4, 2011, Jean Pierre Paul moved to set aside the sale alleging, among other things, that Wells Fargo willfully violated bankruptcy law by filing the Motion to Reschedule the foreclosure sale despite having knowledge of JR Mortgages' pending bankruptcy proceeding.

A hearing was set on the motion to set aside the sale on June 14, 2011. At the hearing, Wells Fargo argued that the subject property was not property of the bankruptcy estate as it was owned by Jean Pierre-Paul and not the Debtor and also noted that the Debtor and its counsel had not notified the Bank or its counsel of the Debtor's bankruptcy filing. The State court overruled Jean Pierre-Paul's objection to the sale, denied the motion to set aside the sale and ordered the clerk to issue the certificate of title forthwith.

Three days later, on June 17, Jean Pierre Paul filed his Motion to Stay Issuance of the Certificate of Title and JR Mortgages filed its Motion to Reopen this chapter 7 case.

## CONCLUSIONS OF LAW

I.      **There Was No Stay Violation**

The Debtor argues in its Motion to Reopen this case that the filing of the Motion to Reschedule the sale violated the stay. However, because this Debtor does not own the Property, no stay was in effect. The Mortgage was executed by Jean Pierre Paul, the grantee under the last recorded deed for the Property. At no time has the Debtor argued any factual basis that would support a finding that the Property is property of the Debtor's estate. Because JR Mortgages does not own the Property, there was no stay violation. *See In re Geris*, 973 F. 2d 318, 319 (4th Cir. 1992) (holding that the automatic stay did not apply to the creditor foreclosing on the property because the property was not owned by the debtor in bankruptcy even if the debtor is liable for the underlying debt); *accord In re Everchanged, Inc*., 230 B.R. 891 (Bankr. S.D. Ga 1999). *See also In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999) (partnership assets are not property of a general partner's bankruptcy estate). A foreclosure sale and issuance of title to Wells Fargo actually benefits the Debtor by reducing the amount owed under the Credit Agreement. Rescheduling the foreclosure sale therefore did not affect the Debtor or the Debtor's estate and there was no violation of the automatic stay.

II.     **Even if the Debtor has Some Protectable Interest in the Property, the Debtor's Motion Should be Denied as the Alleged Stay Violation was Caused Solely by the Failure of Debtor and its Counsel to Give Notice of this Case**

Even if the Debtor had advanced any factual basis to support a finding that the Debtor had a protectable interest in the Property, several bankruptcy courts have denied motions to reopen cases to list unscheduled creditors where the creditors were unscheduled as a result of the

debtor's intentional design or reckless disregard for the accuracy of the debtor's schedules.

The facts in *In re Iannacone*, 21 B.R. 153 (Bankr. D.Mass 1982) are very similar to the facts in this case. In *Iannacone*, the debtor sought to reopen his closed bankruptcy case to amend his schedules to list an omitted creditor and to litigate the issue of the creditor's actual knowledge of the debtor's bankruptcy case at the time the creditor obtained a supplementary process to collect a pre-petition judgment. 21 B.R. at 154. In his motion, the debtor argued that the passing of the bar date could not have prejudiced the creditor since the case was a "no asset" chapter 7 case. Rejecting Iannacone's motion, the court noted that debts not listed in a debtor's schedules are generally not discharged pursuant to §523(a)(3),[3] and reopening the case to schedule the debt would not relate back to a date prior to the claims bar date. The debtor's desire to litigate the creditor's actual knowledge of the bankruptcy in the bankruptcy court rather than the state court was held "insufficient to 'accord relief' or to constitute 'cause' for opening" the bankruptcy. *Id*. at 155.

Similarly, the court in *In re Taylor*, 237 B.R. 199 (Bankr. M.D. Fla. 1998) denied a debtor's motion to reopen his case to schedule an omitted creditor. The court first noted that the debtor's failure to schedule the creditor was an honest mistake. *Id*. The court nevertheless found that the attorneys' fees and costs incurred by the creditor in the state court prior to becoming aware of the bankruptcy constituted prejudice and denied the motion to reopen.

> Only after [the creditor] began legal proceedings to collect on the note did the Debtors move to reopen their case. Clearly, if the Debtors had acted diligently once they were aware of the debt, they could have prevented the harm to the [creditor].
>
> Here, the Debtors did not act with any fraudulent design, but they did act carelessly and with a lack of diligence which caused direct harm to the [creditor]. It would not be equitable to allow the

---

[3] As a corporation, JR Mortgages, Inc. could never be entitled to receive a discharge in this chapter 7 case. 11 U.S.C. §727(a)(1).

21196599.1

> [creditor] to suffer when the Debtors through the exercise of care and diligence could have prevented the harm. Therefore, because the reopening of the Debtors' case would prejudice the [creditor], the ... Debtors' motion to reopen the case is denied.

*Id.* at 203. *See also In re Lorenzen*, 21 B.R. 129 (Bankr. N.D. Ohio 1982)(motion to reopen case to add previously unscheduled claim denied because debtors did not use reasonable care when listing all creditors in their schedules; debtor must "take great care" in filling in his schedules and "shall be held to the standard of using reasonable diligence in ascertaining the names and addresses of all … creditors").

In this case, JR Mortgages and its counsel exercised *no diligence* in preparing its schedules as none were ever filed despite the Clerk's instruction to file all schedules by March 11, 2011 [DE #6]. Although Debtor's counsel knew the identity of Wells Fargo's from his participation in the Jean Pierre Paul Case, he failed to give any notice to the Bank's counsel of this Debtor's bankruptcy filing. Because the Debtor and his attorney knew that the opposing party is represented by counsel, they were bound to communicate. Instead, the Debtor filed a motion for enlargement of time to file its schedules [DE #10] on March 14, 2011, three days after the deadline for it to do so and the same day on which the Court had dismissed the case due to the debtor's failure to file its corporate ownership statement [DE #9]. All this occurred in March, 2011. Debtor took no action thereafter to timely correct any filing deficiencies to reinstate this case. Debtor's efforts now fall far short of the good faith required to warrant the relief requested.

Debtor and its counsel knew the name and address of Wells Fargo's counsel as well as the fact that the subject debt was held by Wells Fargo Bank, N.A. If the Debtor really believed it had a protectable interest in the Property, the Debtor had the obligation to provide Wells Fargo Bank or its counsel notice of the commencement of this case. Wells Fargo would not have filed the Motion to Reschedule the Sale, *and* the very action which the Debtor alleges was taken in violation of the stay

21196599.1

would never have occurred. The Motion to Reopen is denied.

### III. Retroactive Relief from the Stay

In its response to the Debtor's Motion, Wells Fargo has requested that it be granted retroactive relief from the automatic stay to validate its filing the Motion to Reschedule the foreclosure sale due to its lack of notice of this case at the time it filed that Motion. However, the only motion before the Court for hearing was the Debtor's Motion to Reopen. Accordingly, because the Court has denied the Debtor's motion on other grounds, it declines to address the issue of retroactive stay relief at this juncture, without proper notice and a hearing to provide all interested parties an opportunity to respond.

Thus, in conclusion, it is clear from the record that no stay violation occurred which requires reopening of this case. This Debtor does not have an interest in the Property to which the automatic stay applies. However, even if it did, the Court finds no stay violation. Mr. Montes, either intentionally or negligently, omitted Wells Fargo Bank as a creditor in this case, and further failed to give notice of the case filing to Wells Fargo Bank or its counsel. Because Wells Fargo and its counsel, due to the omissions of Debtor and its counsel, were unaware of this case at the time of filing the Motion to Reschedule the foreclosure sale, no willful violation of the stay occurred. For the foregoing reasons, it is

ORDERED AND ADJUDGED that the Debtor's Motion to Reopen this case is DENIED.

# # #

Submitted by:

Niall T. McLachlan, Esq.
Carlton Fields, PA
100 Se 2nd Street, Suite 4200
Miami, Florida 33131
305-539-7243
nmclachlan@carltonfields.com

21196599.1

CASE NO. 11-14876-BKC-AJC

Attorney McLachlan is directed to serve a conformed copy of this order upon all interested parties immediately upon receipt of same and shall thereupon file with the Court a certificate of service of same.

21196599.1